**SO ORDERED.**

**SIGNED this 21st day of August, 2016.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SOUTHERN SEASON, INC., ) | |
| ) | Case No: 16-80558 |
| Debtor. ) | |
| ) | Chapter 11 |
| ) | |

**CONSENT ORDER (I) SETTLING MOTION TO APPOINT A TRUSTEE AND (II) APPOINTING CHIEF RESTRUCTURING OFFICER FOR THE DEBTOR**

This matter came before the Court on August 8, 2016, upon the Motion of SummitBridge National Investments IV LLC for the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104 [Docket No. 124] (the "Motion"). Based upon the Motion, the entire official record, and the consent of Southern Season, Inc. (the "Debtor"), SummitBridge National Investments IV LLC ("SummitBridge"), the Official Committee of Unsecured Creditors (the "Committee"), and the Bankruptcy Administrator, the Court hereby makes the following findings of fact and conclusions of law:

1. On June 24, 2016 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its assets as debtor-in-possession.

2.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.	On Tuesday, July 26, 2016, the Debtor made a draw request of $400,000 pursuant to the Post-Petition Credit Agreement with Silk Route Capital Corporation ("Silk Route").  Pursuant to Section 1.2 of the Post-Petition Credit Agreement, Silk Route was obligated to transfer the proceeds to the Debtor within three (3) Business days of the draw request.  Silk Route disbursed $122,000 to the Debtor by July 29, 2016.   On the morning of August 2, 2016, one business day after Silk Route failed to timely disburse the funds requested under the draw request, the Debtor provided written notice to counsel for Silk Route, SummitBridge, the Unsecured Creditors Committee, and the Bankruptcy Administrator.  This notice (i) identified the failure of Silk Route to timely disburse the funds under the draw request, (ii) requested that Silk Route advance the remaining amount no later than 4 p.m. on August 3, 2016, and (iii) notified the parties that the Debtor was in discussions with potential investment bankers to assist in conducting a sale of substantially all of the Debtor's assets under section 363 of the Bankruptcy Code.

4.	On August 4, 2016, the Debtor filed a motion to employ Three Twenty-One Capital Partners, LLC ("321 Capital") as its investment banker, primarily to provide services in connection with marketing and locating the highest and best potential bidders for the Debtor's assets in a going concern sale.  Since the filing of the motion to employ 321 Capital, it has sent teasers out to approximately 200 potential bidders that purchase distressed assets.  321 Capital has also been engaged in meaningful discussions with multiple prospective bidders, and some bidders have already signed non-disclosure agreements and are engaged in due diligence.

5. On August 5, 2016, SummitBridge filed the Motion, which sought appointment of a chapter 11 trustee.

6. On August 5, 2016, the Debtor determined that that Silk Route was either unable or unwilling to advance additional funds under the Post-Petition Financing Agreement, and notified SummitBridge, the Committee, and the Bankruptcy Administrator of this determination.

7. After discussions and negotiations, the Debtor, SummitBridge, the Committee and the Bankruptcy Administrator agreed to resolve the Motion by consenting and agreeing that John Fioretti of ABTV would be appointed as Chief Restructuring Officer ("CRO") of the Debtor, and Clay Hamner would resign as CEO of the Debtor. Consistent with this agreement, Clay Hamner has now resigned from the Debtor, and Dave Herman, formerly COO, has been promoted to CEO. John Fiorett, as CRO, would be the highest ranking officer of the Debtor, and would have complete managerial control over the Debtor.

8. A copy of the engagement agreement with ABTV is attached hereto as Exhibit A ("Engagement Agreement"). Mr Fioretti would be paid at his customary hourly rate of $375 per hour, and other members of ABTV would be paid at their respective customary rates.

9. John Fioretti and ABTV represent no other entity in connection with this case, represent or hold no interest adverse to the interest of the estate with respect to the matters on which they are to be employed, and are disinterested as that term is defined in 11 U.S.C. § 101.

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Motion is denied without prejudice as moot, subject to the conditions set forth below.

2. The Debtor is authorized and directed to employ John Fioretti as Chief Restructuring Officer of the Debtor, which shall be the highest-ranking officer position of the

Debtor, with absolute control over and full and complete authority to manage the affairs of the Debtor including without limitation and, subject to Bankruptcy Court approval where necessary, the authority to hire and fire all executives and employees, reduce operating costs immediately, enter into DIP financing agreements and manage a sale process for all assets of the Debtor. Mr. Fioretti shall have all of the duties and authority set forth in 11 U.S.C. § 1106(a), except for § 1106(a)(4), which shall be performed in Mr. Fioretti's discretion.

3. The terms of the employment of John Fioretti and ABTV, as set forth above and in the Engagement Agreement, are approved.

CONSENTED TO:

/s John Paul H. Cournoyer
Counsel for the Debtor

/s Christopher P. Schueller
Counsel for SummitBridge

/s Charles M. Ivey III
Counsel for the Committee

/s Robert E. Price
Counsel for the Bankruptcy Administrator

[END OF DOCUMENT]