UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| SSI LIQUIDATION, INC. | 16-80558 |
| DEBTOR | CHAPTER 7 |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR SSI LIQUIDATION, INC., | ADVERSARY PROCEEDING |
| Plaintiff, | NO.: _____ |
| v. | |
| MORRISETTE PAPER CO., | |
| Defendant. | |

**COMPLAINT FOR THE AVOIDANCE AND RECOVERY OF
TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550**

NOW COMES James B. Angell, Chapter 7 Trustee for SSI Liquidation, Inc., by and through undersigned counsel, and complaining of Morrisette Paper Co. ("Morrisette"), alleges and says as follows:

**PARTIES AND JURISDICTION**

1. On June 24, 2016 (the "Petition Date"), SSI Liquidation, Inc. f/k/a Southern Season, Inc. (the "Debtor") filed a Chapter 11 bankruptcy petition in this Court.

2. On September 8, 2017, the Debtor's case was converted to one under Chapter 7 and James B. Angell was appointed Chapter 7 Trustee ("Plaintiff" or "Trustee").

3. On information and belief, Morrisette is a company organized and existing under the laws of the state of North Carolina.

4. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This proceeding is a statutorily core proceeding under 28 U.S.C.

§157(b)(2)(A),(F),(H).

7.     This Court has constitutional authority to hear and finally determine this proceeding. In the event the Court does not otherwise have constitutional authority, the Trustee consents to this Court's jurisdiction to finally determine this matter.

8.     Prior to the Petition Date, Morrisette provided goods and/or services to the Debtor.

9.     During the 90-day period preceding the Petition Date, the Debtor made a payment to Morrisette in the amount of $26,731.27 by check number 6162, dated April 14, 2016 (the "Transfer").

FIRST CLAIM FOR RELIEF
11 U.S.C. §§ 547, 550

10.    The allegations in this Complaint are incorporated by reference herein.

11.    The Transfer constitutes the transfer of an interest of the Debtor in property.

12.    The Transfer was made with funds from the Debtor's bank account.

13.    The Transfer was made to or for the benefit of a creditor, Morrisette.

14.    At the time of the Transfer, the Debtor was indebted to Morrisette for goods and/or services.

15.    The Transfer was made for or on account of an antecedent debt owed by the Debtor before the Transfer was made. The Transfer paid multiple invoices that were incurred prior to the date of payment.

16.    The Transfer was applied toward a debt outstanding at the time of the Transfer in an amount at least equal to the amount of the Transfer.

17.    The Debtor was insolvent at the time of the Transfer.

18.    According to the Debtor's bankruptcy schedules, the Debtor owned assets worth $9,820,070.14 and had liabilities of $18,332,884.65 on the Petition Date.

19.    The Debtor's liabilities exceeded its assets at all times during the 90-day period preceding the Petition Date.

20.    As a result of the Transfer, Morrisette received more than it would have received if the Transfer had not been made and the Debtor had filed a Chapter 7 case.

21.    The amount of claims against the bankruptcy estate exceeds its assets, such that distributions to unsecured creditors, if any, would be less than the amount of creditors' claims.

22. The Transfer is recoverable from Morrisette for the benefit of the estate.

## SECOND CLAIM FOR RELIEF
11 U.S.C. §§ 544, 548, 550; N.C. Gen. Stat. § 39-23.1 *et seq.*
(In the Alternative)

23. The allegations in this Complaint are incorporated by reference herein.

24. The Transfer is avoidable as a fraudulent transfer.

25. The Transfer was made for less than reasonably equivalent value.

26. The Debtor did not receive value in exchange for the Transfer.

27. The Debtor was insolvent at the time of the Transfer.

28. The Debtor's liabilities exceeded its assets at the time of the Transfer.

29. The Debtor was unable to pay its debts as they came due at the time of the Transfer.

30. The Debtor had substantial past due obligations owed to many of its vendors for which it was unable to make timely payment at the time of the Transfer.

31. The Debtor was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

32. The Debtor intended to incur, or believed it would incur, debts beyond its ability to pay as such debts matured.

33. The Transfer is recoverable for the benefit of the estate.

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. For judgment in his favor on behalf of the bankruptcy estate against Morrisette Paper Company in the total amount of at least $26,731.27, to be proven at trial;

2. That the costs of this action be charged to the Defendant, and

3. For such other and further relief as the Court deems just and proper.

DATED: September 7, 2018

/s/Nicholas C. Brown
James B. Angell
NC State Bar No.: 12844

        Nicholas C. Brown
        NC State Bar No.: 38054
        Howard, Stallings, From, Atkins,
        Angell & Davis, P.A.
        P.O. Box 12347
        Raleigh, North Carolina 27605
        Telephone (919) 821-7700
        Facsimile (919) 821-7703
        *Attorneys for the Trustee*