UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| SSI LIQUIDATION, INC. | 16-80558 |
| DEBTOR | CHAPTER 7 |

## TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH SUMMITBRIDGE NATIONAL INVESTMENTS IV, LLP PURSUANT TO FED. R. BANKR. P. 9019

NOW COMES James B. Angell ("Trustee"), Chapter 7 Trustee for SSI Liquidation, Inc., by and through counsel, and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, moves this Court for entry of an Order granting him authority to compromise and settle issues with SummitBridge National Investments IV, LLP  ("SummitBridge") under the terms set forth herein. In support of this Motion, the Trustee shows the Court the following:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334 and Local Rule 83.11 of the United States District Court for the Middle District of North Carolina.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On June 24, 2016 (the "Petition Date"), SSI Liquidation, Inc. ("Debtor") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code.

4. On September 8, 2017, the above-captioned case was converted to one under Chapter 7 and James B. Angell is the duly appointed Chapter 7 Trustee.

5. The controversy to be settled is as follows:

SummitBridge was the largest secured creditor in the SSI Case, holding a lien on substantially all of the Debtor's assets securing a claim in the amount of $4,461,827.11 as of the petition date. Substantially all of the assets of the Debtor were sold to Calvert Retail, L.P. ("Calvert") in August 2016 pursuant to that Order Authorizing Sale entered on August 21, 2016 (the "Sale Order"; Doc 215). The Sale Order provided that a reserve of $400,000.00 was established to pay certain expenses described as "Permitted Trailing Expenses" ("PTEs"). Pursuant to the Sale Order, $400,000.00 from the sales proceeds was transferred to Debtor's attorneys, Northen Blue, and segregated in a trust account designated as the a "PTE Reserve Account".

Upon conversion of the case, the Debtor's attorneys, Northen Blue, transferred the remaining balance of the PTE Reserve Account in the amount of $89,854.97 to the Trustee. After conversion, the Trustee kept the funds segregated in a PTE Reserve Account in the estate. The Trustee applied $52,104.55 from the PTE Reserve Account to the settlement of obligations of American Express, pursuant to that Order filed on March 8, 2018 (Doc 617), leaving a balance of $37,750.42 in the PTE Reserve Account. The dispute relates to rights to the funds in PTE Reserve Account held by the Trustee.

All of the Permitted Trailing Expenses have been paid, except a $26.00 claim of Curbside Management, Inc.

Funds from SummitBridge's cash collateral in excess of $37,750.42 were deposited into the PTE Reserve Account while it was maintained at Northen Blue.

Funds from "Excluded Assets" (*i.e.*, assets not purchased by Calvert) in excess of $37,750.42 were deposited into the PTE Reserve Account while it was maintained at Northen Blue. In the Sale Order, certain proceeds from the sale of Excluded Assets are available for distribution to unsecured creditors after payment of PTEs[1].

SummitBridge claims that the $37,750.42 should be paid to it based on, among other things, its lien on the assets of the Debtor, including cash collateral, and its expectation of receiving $30,000.00 which was taken by Calvert as a purchase price adjustment at the closing.

The Trustee claims that the $37,750.42 should be paid to the estate for distribution to unsecured creditors as proceeds from the sale of Excluded Assets.

In approving certain PTEs and in establishing a procedure for claiming PTEs, the Court entered an Order Granting Motion to (A) Determine and Authorize Payment of Permitted Trailing Expenses, (B) Establish Procedures, and (C) Establish Deadline for Cost of Administration Claims on December 14, 2016 (Doc 372) (the "PTE Order"), which states:

> After payment of the Permitted Trailing Expenses other than those held by 547/549 Claimants, the Debtor shall deposit the entire remaining balance of cash on hand, the remaining PTE Reserve, the Disputed Funds Reserve, the net proceeds from the auction sale conducted by Iron Horse, and, when received, the $30,000 in sale proceeds from the supplemental asset sale to Calvert Retail, into the existing PTE Reserve held by counsel for the Debtor. These funds shall only be used to pay Permitted Trailing Expenses pursuant to the terms of this Order, with the disposition of any remaining excess funds after payment of all Permitted Trailing Expenses to be determined by subsequent order of this Court.

(Order, p. 6, para. 4).

---

[1] The order calls for proceeds of Excluded Assets to be used for payment of PTEs, then for the next $200,000 in proceeds from Excluded Assets to be distributed to unsecured creditors. None of this amount has been funded to date.

In sum, the Sale Order, the PTE Order and various cash collateral orders of this Court make clear that PTEs in the case may be paid from the PTE Reserve set aside from the sale to Calvert, cash collateral of the Debtor in which SummitBridge has an interest, or net proceeds from the sale of Excluded Assets, but none of the orders address the order in which these various funds are to be used to pay PTEs.

6. SummitBridge filed Claim No. 227 on September 9, 2016 asserting a secured claim in the amount of $2,142,405.38

7. The Trustee and SummitBridge have arrived at an agreement as to the disposition of the $37,750.42 remaining in the "PTE Reserve" account, subject to Bankruptcy Court approval.

8. The terms of the compromise are generally as follows:

a. The Trustee shall pay SummitBridge the amount of $18,875.21 from the "PTE Reserve" account within ten days after this Agreement is approved by the Bankruptcy Court. The payment shall be made payable to SummitBridge National Investments IV, LLC and shall sent to Christopher Schueller, Buchanan Ingersoll & Rooney, PC, 50 S. 16th Street, Ste. 3200, Philadelphia PA 19102.

b. The Trustee may deposit the remaining $18,875.21 in the PTE Reserve Account into his general estate account within ten days after this Agreement is approved by the Bankruptcy Court and shall immediately pay Curbside Management, Inc. its $26.00 PTE claim.

c. Upon its receipt of the $18,875.21 contemplated by this Agreement, Claim No. 227 shall be allowed as a timely-filed general unsecured claim in the amount of $2,123,530.17. Any rights to amend or modify the claim are waived, except as necessary to report any payments made on the claim.

d. Effective upon entry of an order approving this Agreement, SummitBridge releases the Trustee, Debtor and its bankruptcy estate from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which SummitBridge may have, may have had, or might have had against SSI Liquidation, Inc., except its claim under Claim 227, as allowed by this Agreement.

e. Effective upon entry of an order approving this Agreement, the Trustee releases SummitBridge from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee may have, may have had, or might have had against SummitBridge.

  f. The Agreement is subject to approval by the Bankruptcy Court.

  9. The precise terms of the compromise are set in the Agreement attached hereto as Exhibit "A". To the extent that the general terms of the compromise above conflict with the terms set out on Exhibit A, the terms set out on Exhibit A shall be controlling.

  10. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure the Trustee requests the Court's approval of this compromise. Rule 9019(a) provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

  11. The Trustee has analyzed the claims against Defendants, taking into consideration the facts, the strengths and weaknesses of the parties' positions, the equities involved, the information and evidence available to the Trustee to pursue the claims through trial, and the costs of negotiation and litigation.

  12. This proposed settlement will eliminate the costs of litigation, and the uncertainty of outcome in light of the absence of ordering provisions regarding use of the various funds to pay PTE's.

  13. The Trustee believes this proposed settlement is in the best interest of the estate and its creditors and represents a fair recovery without the need for litigation.

  14. The Trustee requests that the Court approve this Motion.

  WHEREFORE, the Trustee prays for the Court to grant the following relief:

1. Approving and authorizing him to compromise and settle issues with SummitBridge Retail, LP in accordance with the terms set out in Exhibit A; and

2. Such other relief as the Court may deem just and proper.

DATE: October 10, 2019

                   s/James B. Angell
                   James B. Angell
                   State Bar No. 12844
                   Howard, Stallings, From,
                   Atkins, Angell & Davis, P.A.
                   P.O. Box 12347
                   Raleigh, NC 27605
                   Telephone: (919) 821-7700
                   Facsimile: (919) 821-7703
                   JAngell@hsfh.com

# EXHIBIT A

SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), dated as of October ___, 2019, is made by and between James B. Angell, Chapter 7 Trustee ("Trustee") for SSI Liquidation, Inc., Case No. 16-80558, and SummitBridge National Investments IV LLC ("SummitBridge").

WHEREAS SSI Liquidation, Inc. ("SSI") filed a petition for relief under chapter 11 of the Bankruptcy Code on June 24, 2016, commencing Case No. 16-80558 (the "SSI Case"); and

WHEREAS, the SSI Case was converted to a case under chapter 7 on September 8, 2017 and James B. Angell was appointed as and presently serves as chapter 7 trustee in the SSI Case; and

WHEREAS, SummitBridge was the largest secured creditor in the SSI Case, holding a lien on substantially all of the Debtor's assets securing a claim in the amount of $4,461,827.11 as of the petition date; and

WHEREAS, substantially all of the assets of the Debtor were sold to Calvert Retail, L.P. ("Calvert") in August 2016 pursuant to that Order Authorizing Sale entered on August 21, 2016 (the "Sale Order"; Doc 215); and

WHEREAS, the Sale Order provided that a reserve of $400,000.00 was established to pay certain expenses described as "Permitted Trailing Expenses" ("PTEs"); and

WHEREAS, $400,000.00 from the sales proceeds were transferred to Debtor's attorneys, Northen Blue, and segregated in a trust account designated as the a "PTE Reserve Account";

WHEREAS, upon conversion of the case, the Debtor's attorneys, Northen Blue, transferred the remaining balance of the PTE Reserve Account in the amount of $89,854.97 to the Trustee; and

WHEREAS, after conversion, the Trustee has kept the funds segregated in a PTE Reserve Account in the estate; and

WHEREAS, the Trustee applied $52,104.55 from the PTE Reserve Account to the settlement of obligations of American Express, pursuant to that Order filed on March 8, 2018 (Doc 617), leaving a balance of $37,750.42 in the PTE Reserve Account; and

WHEREAS all of the Permitted Trailing Expenses have been paid, except a $26.00 claim of Curbside Management, Inc.; and

WHEREAS, funds from SummitBridge's cash collateral in excess of $37,750.42 were deposited into the PTE Reserve Account while it was maintained at Northen Blue; and

WHEREAS, funds from "Excluded Assets" (*i.e.*, assets not purchased by Calvert) in excess of $37,750.42 were deposited into the PTE Reserve Account while it was maintained at

Northen Blue. In the Sale Order, certain proceeds from the sale of Excluded Assets are available for distribution to unsecured creditors after payment of PTEs[1]; and

WHEREAS, funds from the net proceeds of SummitBridge's cash collateral in excess of $37,750.42 were deposited into the PTE Reserve Account while it was maintained at Northen Blue; and

WHEREAS, SummitBridge claims that the $37,750.42 should be paid to it based on, among other things, its lien on the assets of the Debtor, including cash collateral, and its expectation of receiving $30,000.00 which was taken by Calvert as a purchase price adjustment at the closing; and

WHEREAS, the Trustee claims that the $37,750.42 should be paid to the estate for distribution to unsecured creditors as proceeds from the sale of Excluded Assets; and

WHEREAS, in approving certain PTEs and in establishing a procedure for claiming PTEs, the Court entered an Order Granting Motion to (A) Determine and Authorize Payment of Permitted Trailing Expenses, (B) Establish Procedures, and (C) Establish Deadline for Cost of Administration Claims on December 14, 2016 (Doc 372) (the "PTE Order"); and

WHEREAS, in the PTE Order, the Court held

After payment of the Permitted Trailing Expenses other than those held by 547/549 Claimants, the Debtor shall deposit the entire remaining balance of cash on hand, the remaining PTE Reserve, the Disputed Funds Reserve, the net proceeds from the auction sale conducted by Iron Horse, and, when received, the $30,000 in sale proceeds from the supplemental asset sale to Calvert Retail, into the existing PTE Reserve held by counsel for the Debtor. These funds shall only be used to pay Permitted Trailing Expenses pursuant to the terms of this Order, with the disposition of any remaining excess funds after payment of all Permitted Trailing Expenses to be determined by subsequent order of this Court.

(Order, p. 6, para. 4); and

WHEREAS, The Sale Order, the PTE Order and various cash collateral orders of this Court make clear that PTEs in the case may be paid from the PTE Reserve set aside from the sale to Calvert, cash collateral of the Debtor in which SummitBridge has an interest, or net proceeds from the sale of Excluded Assets, none of the orders address the order in which these various funds are to be used to pay PTEs; and

WHEREAS, SummitBridge filed Claim No. 227 on September 9, 2016 asserting a secured claim in the amount of $2,142,405.38;

---

[1] The order calls for proceeds of Excluded Assets to be used for payment of PTEs, then for the next $200,000 in proceeds from Excluded Assets to be distributed to unsecured creditors. None of this amount has been funded to date.

...

WHEREAS, the Trustee and SummitBridge have arrived at an agreement as to the disposition of the $37,750.42 remaining in the "PTE Reserve" account, subject to Bankruptcy Court approval.

NOW, THEREFORE, the Trustee and SummitBridge hereby agree as follows:

1. The Trustee shall pay SummitBridge the amount of $18,875.21 from the "PTE Reserve" account within ten days after this Agreement is approved by the Bankruptcy Court. The payment shall be made payable to SummitBridge National Investments IV, LLC and shall sent to Christopher Schueller, Buchanan Ingersoll & Rooney, PC, 50 S. 16th Street, Ste. 3200, Philadelphia PA 19102.

2. The Trustee may deposit the remaining $18,875.21 in the PTE Reserve Account into his general estate account within ten days after this Agreement is approved by the Bankruptcy Court and shall immediately pay Curbside Management, Inc. its $26.00 PTE claim.

3. Upon its receipt of the $18,875.21 contemplated by this Agreement, Claim No. 227 shall be allowed as a timely-filed general unsecured claim in the amount of $2,123,530.17. Any rights to amend or modify the claim are waived, except as necessary to report any payments made on the claim.

4. Effective upon entry of an order approving this Agreement, SummitBridge releases the Trustee, Debtor and its bankruptcy estate from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which Defendants may have, may have had, or might have had against SSI Liquidation, Inc., except its claim under Claim 227, as allowed by this Agreement.

5. Effective upon entry of an order approving this Agreement, the Trustee releases SummitBridge from all claims, demands, accounts, duties, damages, losses, expenses, costs, debts, obligations, causes of action and remedies therefor, choses in action, rights of indemnity and liability of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, which the Trustee may have, may have had, or might have had against SummitBridge.

6. This Agreement is subject to approval by the Bankruptcy Court.

7. To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

8. This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), and each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

9. This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination. The parties hereto agree to be bound by the terms of this Agreement, pending Bankruptcy Court approval.

10. The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof. The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the day and year first above written.

SSI LIQUIDATION, INC.

By: _____
Name: James B. Angell
Title: Chapter 7 Trustee

SummitBridge National Investments IV LLC

By: _____
Name: Scott Silvers
Title: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| SSI LIQUIDATION, INC. | 16-80558 |
| DEBTOR | CHAPTER 7 |

**CERTIFICATE OF SERVICE**

I, Michelle R. Murdock, of the law firm Howard, Stallings, From, Atkins, Angell & Davis, P.A., certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on October 10, 2019, the foregoing **TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH SUMMITBRIDGE NATIONAL INVESTMETNS IV, LLP PURSUANT TO FED. R. BANKR. P. 9019** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties listed below. I further certify that I have mailed the document to the non-CM/ECF participants as set out below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

DATE:   October 10, 2019

> s/ James B. Angell
> James B. Angell
> P.O. Box 12347
> Raleigh, NC 27605
> Telephone: (919) 821-7700

| | |
|---|---|
| William P. Miller<br>Bankruptcy Administrator<br>*Served via cm/ecf* | John Paul H. Cournoyer<br>Northern Blue, LLP<br>*Served via cm/ecf* |
| Christopher P. Schueller<br>Buchanan Ingersoll & Rooney, PC<br>*Served via cm/ecf*<br>   *Attorneys for SummitBridge national Investments IV, LLP* | Craig D. Mills, Esquire<br>Buchanan Ingersoll & Rooney PC<br>*Served via cm/ecf*<br>   *Attorneys for SummitBridge national Investments IV, LLP* |