UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| SSI LIQUIDATION, INC. | 16-80558 |
| DEBTOR | CHAPTER 7 |

## MOTION FOR AUTHORITY TO MAKE
## INTERIM DISTRIBUTION IN PAYMENT OF CLAIMS

NOW COMES James B. Angell, Chapter 7 Trustee in the above referenced case ("Trustee"), by and through undersigned counsel, and moves the Court for an Order authorizing the Trustee to make an interim distribution in payment of certain allowed claims in this case, and, and in support thereof, shows the Court as follows:

1. On or about June 24, 2016, the above captioned Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The case was converted to a case under chapter 7 on September 8, 2017 and James B. Angell was duly appointed and presently serves as Chapter 7 Trustee.

2. Trustee has funds on hand in the amount of: $1,000,353.98.

3. The status of chapter 7 administrative claims incurred or to be incurred and unpaid as of the date of this motion are as follows:

    a. Chapter 7 Administrative Claims
       i.   Unpaid Attorneys' fees and expenses (application
            pending)                                             $ 142,229.37
       ii.  Unpaid Accounting fees (application pending)         $  26,463.00
       iii. Unpaid deferred filing fees for AP (paid)            $       0.00

    b. Anticipated Chapter 7 Administrative Expenses:
       i.   Additional attorney fees (estimated)                 $   4,000.00
       ii.  Additional accountant fees (estimated)               $       0.00

    Total estimated Unpaid Administrative Expenses:              $ 172,692.37

4. In addition, upon closing the case, the Trustee will be entitled to a commission pursuant to 11 U.S.C. §326(a) estimated based on current receipts in the case will be $60,144.79.

5. The status of chapter 11 administrative claims incurred and unpaid as of the date of this motion are as follows:

    a. Chapter 11 Administrative Claims

      i.  Unpaid Professional fees and expenses:

| | |
|---|---|
| Northern Blue | $ 69,419.62 |
| Hutson Law Office, P.A. | $  6,333.94 |
| Anderson Bauman Tourtellot Vos | $ 63,630.56 |
| Charles M. Ivey, III | $ 29,846.82 |

     ii.  Other Chapter 11 expenses:

| | |
|---|---|
| Europa Center, LLC | $ 20,044.66 |
| B.E. Capital Management Fund LP | $  2,440.00 |
| Twenty Degrees Chocolates, (Petit Philli) | $      316.00 |

Total estimated Unpaid Chapter 11 Administrative Expenses:   $192,031.60

6.  In addition to the foregoing, the Internal Revenue Service Claim No. 450-2 as a chapter 11 administrative claim in the amount of $295,336.64, based on FICA taxes due for the third quarter of 2016 and FUTA taxes due for the period from 6/25/2016 through 12/31/2016, the post-petition portion of the 2016 tax year. The Trustee has conferred with the Internal Revenue Service, the Debtor's counsel and the Chief Restructuring Officer for the Debtor during the chapter 11 and has consulted the monthly reports filed in the case for the months containing these periods. The Internal Revenue Service indicates that payments were received during these periods but that they are unable to locate filed returns. The CRO, the Debtor's counsel and the Monthly Reports indicate that the taxes were paid, and the returns were filed.

The Trustee has objected to Claim No. 450-2 and requested tax forms from Ultimate Software, the company that provided payroll services to the Debtor during this period in an effort to resolve the claim. The Trustee does not seek to make a distribution with respect to Claim No. 450-2 sat this time, but will reserve $295,336.64 from the distribution to pay this claim in full as a 11 U.S.C. §507(a)(2) chapter 11 administrative claim in the event that Claim No. 450-2 is allowed.

7.  The status of priority claims incurred and unpaid as of the date of this motion are as follows:

| | |
|---|---|
| Teresa Troutman | $  5,292.59 |
|     Wages - 507(a)(4) | |
| Amanda Cushman | $     400.00 |
|     Wages - 507(a)(4) | |
| | |
| Peter Enchelmayer | $     500.00 |
|     Deposits-507(a)(7) | |
| Mary P. Battista | $       55.00 |
|     Deposits-507(a)(7) | |
| Valerie Murphy | $       25.00 |
|     Deposits-507(a)(7) | |

|  |  |
|---|---|
| Pamela J. Lipscomb<br>  Deposits-507(a)(7) | $       25.00 |
| | |
| Orange County Tax Collector<br>  Claims of Governmental Units - 507(a)(8) | $  38,525.10 |
| Internal Revenue Service<br>  Claims of Governmental Units - 507(a)(8) | $    3,775.41 |
| Wake County Revenue Department<br>  Claims of Governmental Units - 507(a)(8) | $    3,068.71 |
| County of Henrico, Virginia<br>  Claims of Governmental Units - 507(a)(8) | $       27.00 |
| County of Henrico, Virginia<br>  Claims of Governmental Units - 507(a)(8) | $  30,624.03 |
| | |
| Total estimated Unpaid Chapter 11 Administrative Expenses: | $  82,317.84 |

8. There is a pending objection to Claim No. 89, filed by Mast Brothers, Inc. in the amount of $1,749.74 as a claim entitled to priority pursuant to 11 U.S.C. §507(a)(4) (the "Mast Claim") (Doc 1048). The Trustee does not object to allowance of the Mast Claim as a timely filed general unsecured claim. The Trustee does not seek to make a distribution with respect to Claim No. 89 at this time, but will reserve $1,749.74 to pay the claim in full in the event that it is allowed as a claim entitled to priority pursuant to 11 U.S.C. §507(a)(8).

9. All secured claims have been paid. The assets of the estate were sold prior to the conversion of the case.

10. The Trustee seeks authority to pay the allowed Chapter 7 claims, allowed chapter 11 claims and allowed priority claims in this case as follows:

    a. Chapter 7 Administrative Claims

| | |
|---|---|
| i.  Unpaid Attorneys' fees and expenses (application<br>    pending) | $ 142,229.37 |
| ii. Unpaid Accounting fees (application pending) | $   26,463.00 |

    b. Chapter 11 Administrative Claims

       i.  Unpaid Professional fees and expenses:

| | |
|---|---|
| Northern Blue | $ 69,419.62 |
| Hutson Law Office, P.A. | $   6,333.94 |
| Anderson Bauman Tourtellot Vos | $ 63,630.56 |
| Charles M. Ivey, III | $ 29,846.82 |

       ii. Other Chapter 11 expenses:

| | |
|---|---|
| Europa Center, LLC | $ 20,044.66 |
| B.E. Capital Management Fund LP | $   2,440.00 |
| Twenty Degrees Chocolates, (Petit Philli) | $      316.00 |

c.   Priority Claims:

| | |
|---|---|
| Teresa Troutman | $  5,292.59 |
| Wages - 507(a)(4) | |
| Amanda Cushman | $     400.00 |
| Wages - 507(a)(4) | |
| | |
| Peter Enchelmayer | $     500.00 |
| Deposits-507(a)(7) | |
| Mary P. Battista | $       55.00 |
| Deposits-507(a)(7) | |
| Valerie Murphy | $       25.00 |
| Deposits-507(a)(7) | |
| Pamela J. Lipscomb | $       25.00 |
| Deposits-507(a)(7) | |
| | |
| Orange County Tax Collector | $  38,525.10 |
| Claims of Governmental Units - 507(a)(8) | |
| Internal Revenue Service | $    3,775.41 |
| Claims of Governmental Units - 507(a)(8) | |
| Wake County Revenue Department | $    3,068.71 |
| Claims of Governmental Units - 507(a)(8) | |
| County of Henrico, Virginia | $         27.00 |
| Claims of Governmental Units - 507(a)(8) | |
| County of Henrico, Virginia | $   30,624.03 |
| Claims of Governmental Units - 507(a)(8) | |
| | |
| Total payments: | $ 443,041.81 |

11. The Trustee will withhold sufficient funds for payment of the Internal Revenue Service's Claim No. 450-2 in the event that it is allowed as a chapter 7 administrative  priority claim under 11 U.S.C. §507a)(2) and to pay the Mast Claim (Claim No. 89) in the event that it is allowed as a priority claim under 11 U.S.C. §507a)(4).

12. The Trustee expects to file a Final Report of Distribution in the first quarter of 2020.

13. Although distributions of funds in a chapter 7 case, other than certain chapter 7 administrative expenses, are ordinarily made at the conclusion of the case to avoid unforeseen events, the Trustee seeks authority to make an interim distribution of funds at this time as provided in this Motion.

14. The Trustee discloses and represents that there is a possibility of events that may result in an insufficiency of assets to pay claims having the same or higher priority under 11 U.S.C. §726(a) and (b) than the claims proposed to be paid in this Motion. The Trustee has exercised his judgment in a conservative fashion, balancing the desirability of making distributions at this time against the risks of an insufficiency to pay claims entitled to the

same or a higher priority under 11 U.S.C.§726(a) and (b) and seeks an order authorizing him to make the distributions described herein notwithstanding such risk.

WHEREFORE, the Trustee prays for the Court to grant the following relief:

1. Authorizing the Trustee to make an interim distribution to holders of certain allowed claims set out in this Motion, subject to the conditions set out in this Motion; and

2. Holding that the Trustee is so authorized notwithstanding the risk of events that might result an insufficiency to pay claims entitled to the same or a higher priority under 11 U.S.C.§726 than the claims to be paid pursuant to this Motion;

3. For such other and further relief as the court may deem just and proper.


DATED:  November 26, 2019

<div style="margin-left:40%">

 s/James B. Angell_____
James B. Angell, Chapter 7 Trustee
State Bar No. 12844
Howard, Stallings, From
Atkins, Angell & Davis, PA
P.O. Box 12347
Raleigh, NC 27605-2347
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
jangell@hsfh.com

</div>

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| SSI LIQUIDATION, INC. | 16-80558 |
| DEBTOR | CHAPTER 7 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age and the **MOTION FOR AUTHORITY TO MAKE INTERIM DISTRIBUTION IN PAYMENT OF CLAIMS** was this day served upon the below named persons, parties and/or counsel by mailing, postage prepaid, first class mail, a copy of such instruments to such persons, parties and/or counsel at the address shown below or as indicated below:

DATE: November 26, 2019

/s/Michelle R. Murdock
Michelle R. Murdock, NCCP
P.O. Box 12347
Raleigh, NC 27605

| | |
|---|---|
| William P. Miller<br>Bankruptcy Administrator<br>*Served via cm/ecf* | J.P. Cournoyer<br>Northern Blue, LLP<br>*Served via cm/ecf* |
| SSI Liquidation, Inc.<br>c/o John Fioretti, CRO<br>ABTV<br>17142 Harcombe Drive<br>Charlotte, NC 28277 | *Internal Revenue Service<br>Attn: Managing Agent/Officer<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| *Internal Revenue Service<br>Office of Chief Counsel<br>Alamance Building, Mail Stop 24<br>4905 Koger Blvd.<br>Greensboro, NC 27407-2734 | *United States Attorney - MDNC<br>Attention Civil Process Clerk<br>101 S. Edgeworth St., 4th Floor<br>Greensboro, NC 27401 |
| *Secretary of the Treasury<br>1500 Pennsylvania Ave. N.W.<br>Washington, DC 20220 | *U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530 |
| *Tanaya Schipf<br>Internal Revenue Service, Insolvency Division<br>4905 Koger Boulevard, Suite 102<br>Greensboro, NC 27407-2734 | |

*via certified mail return receipt requested also*